UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                                  Case No. 19-20720

Brandon Jermaine Miles,                                Sean F. Cox
                                                                       United States District Court Judge
    Defendant.
_____/

### ORDER DENYING DEFENDANT'S MOTION TO REOPEN THE DETENTION HEARING AND FOR DEFENDANT TO BE RELEASED ON BOND

Defendant Brandon Jermaine Miles ("Defendant") has been detained pending trial since October 3, 2019, a duration of eighteen months. Defendant now argues that his continued pre-trial detention is a violation of the Due Process Clause of the Fifth Amendment and moves for the original detention hearing to be reopened and that Defendant be released on bond with conditions pending trial. (ECF No. 62). A hearing was held on April 7, 2021. For the reasons stated below, the Court DENIES Defendant's motion.

### BACKGROUND

Defendant Brandon Jermaine Miles ("Defendant") is charged in a four count indictment with conspiracy to possess with intent to distribute and distribution of a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C); possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); and felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924. (ECF No. 14).

1

Pretrial Services recommended detention and, after holding a detention hearing on October 10, 2019, the magistrate judge ordered Defendant detained pending trial. (ECF No. 9). Defendant appealed that ruling. (ECF No. 18). A hearing was held on November 20, 2019. This Court denied that appeal in an Opinion and Order issued on November 22, 2019. (ECF No. 24). On March 8, 2021, Defendant filed the instant motion, asking the Court to reopen the original detention hearing and release Defendant on bond with conditions pending trial. (ECF No. 62). The Government filed a response on March 22, 2021. (ECF No. 63).

## ANALYSIS

**Reopening Detention Hearing**

A district court may reopen a hearing if it: "(1) finds that information exists that was not known to the defendant at the time of the original hearing; and (2) the information 'has a material bearing on the issue of whether there are conditions of release that will reasonably assure' the defendant's appearance and the safety of any other person and the community." *United States v. Ramadan*, No. 20-1450, 2020 WL 5758015, at *1 (6th Cir. Sept. 22, 2020) (quoting 18 U.S.C. § 31442(f)(2)). The new information must be "sufficiently material to the issue of dangerousness." *United States v. Sandles*, 9 F. App'x 377, 379 (6th Cir. 2001).

Here, Defendant has presented new information not previously known to him at the time of the original hearing: the effects COVID-19 pandemic, specifically the delays in the judicial process. Defendant also notes that he has asthma and high blood pressure, which may make him more susceptible to COVID-19. (ECF No. 62 at PageID 322). However, his delayed trial and his

alleged health conditions[1] are not "sufficiently material to the issue of dangerousness." *Sandles*, 9 F. App'x at 379.

The effects of the pandemic have no material bearing on whether there are conditions of release that will reasonably assure Defendant's appearance and the safety of the community. The Sixth Circuit has held that the impositions of restrictions put in place to contain the spread of COVID-19 do not undercut a district court's original determination that Defendant's detention was necessary to assure his appearance and the safety of the community. *United States v. You*, 2020 WL 3867421, No. 20-5390 at *1 (6th Cir. May 15, 2020). In the November 22, 2019 Opinion and Order, this Court found that the statutory presumption of detention under 18 U.S.C. § 3142(e)(3) and the 18 U.S.C. § 3142(g) factors mostly weighed in favor of his detention. (ECF No. 24). Specifically, the Court found that Defendant's lengthy criminal history, his history of non-appearance at court proceedings, his failure to abide by the terms of his previous probations, and Defendant's lack of verifiable income clearly showed that he is a risk of nonappearance and poses a significant danger to the community. (ECF No. 24). The COVID-19 pandemic does not alter these facts supporting Defendant's detention.

Accordingly, the Court DENIES Defendant's motion for to reopen the detention hearing and to be released on bond.

**Due Process**

"Pretrial detention violates the Fifth Amendment when it amounts to 'punishment of the detainee.'" *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Whether a pretrial detention is unconstitutionally excessive is determined on a case-by-case basis. *United States v. Orena*, 986

---

[1] Defendant does not support these allegations with any evidence, and the Government argues that his medical records do not support these claims. (ECF Nos. 62 at PageID 322, 63 at PageID 355-356).

3

F.2d 628, 630 (2d Cir. 1993). The Sixth Circuit has identified four factors to be considered in determining if the pretrial detention is unconstitutionally excessive: (1) the length of the detention; (2) the extent of the prosecution's responsibility for the delay of the trial; (3) the gravity of the charges; and (4) the strength of the evidence upon which the detention was based. *United States v. Watson*, 475 Fed. App'x 589, 601 (2012) (citing *United States v. El-Hage*, 213 F.3d 74, 79 (2d Cir. 2000). These factors do not support Defendant's claim that his pretrial detention has exceeded constitutional limits.

First, the "length of pretrial detention is not dispositive, and will, by itself, rarely offend due process." *Watson*, 475 F. App'x at 601 (quoting *United States v. Millan*, 4 F.3d 1-38, 1044 (2d Cir. 1993)). In *Watson*, the defendant had been detained awaiting trial approximately one year, and the Sixth Circuit noted that "[c]ourts have found lesser periods of detention to be a violation of due process, but they have also found lengthier periods that were not in violation of the Fifth Amendment. *Watson*, 475 Fed. App'x at 602 (internal citations removed). Here, Defendant has been detained since October 3, 2019, a duration of eighteen months. (ECF No. 9). The Court must "look to the other factors in conjunction with length of detention" in order to assess whether Defendant's eighteen-month pretrial detention violated his due process rights. *Watson*, 475 F. App'x at 602. See also *United States v. Thompson*, 2020 WL 7480937, No. 3:18-cr-172-DJH at *3 (W.D. Ky. Dec. 18, 2020) (applying *Watson*'s reasoning to a similar due process claim regarding a fifteen-month pretrial detention period due to delays caused by COVID-19).

Second, the procedural history of this case does not favor Defendant's claim. Defendant's trial has been rescheduled five times. On December 16, 2019, trial was adjourned at Defendant's request. (ECF No. 29). On January 31, 2020, the Court extended motion cutoff for Defendant.

4

(ECF No. 32). On February 10, 2020, Defendant filed two motions to suppress. (ECF Nos. 33, 34). On March 5, 2020, Defendant's counsel filed a motion to withdrawal of counsel stating that Defendant was dissatisfied with his representation. (ECF No. 37). In response, on March 11, 2020, the Court issued an order appointing a federal community defender. (ECF No. 39). On March 24, 2020, the Court held a status conference during which the Court granted Defendant's request to adjourn dates. (ECF No. 44). This second adjournment allowed time for additional briefing on Defendant's motions to suppress by his new counsel. After the closure of the courthouse caused by public health risks created by the pandemic, the Court held a Zoom hearing on July 31, 2020 for oral argument on the motions to suppress. On August 14, 2020, the Court issued an opinion and order denying both motions to suppress. (ECF No. 52).

Due to the closure of the courthouse caused by the public health risks created by the pandemic, Defendant's trial was adjourned three more times on September 8, 2020, October 8, 2020, and February 23, 2021. (ECF Nos. 55, 58, 60). Defendant did not object to them. (ECF Nos. 55, 58, 60). Trial is currently scheduled for June 22, 2021. (ECF No. 60). Defendant acknowledges that the prosecution is not responsible for the delay in the proceedings but still alleges that "it is the government's responsibility." (ECF No. 62 at PageID 322).  Other district courts in this Circuit have disagreed with this reasoning. "While regrettable, the delays to [Defendant's] trial caused by the global pandemic – which has forced the entire judicial system to adapt in unprecedented ways – are not the government's responsibility." *Thompson*, 2020 WL 7480937 at *3. As the Court noted at the hearing, Defendant is no different than many other defendants in pretrial detention in the Eastern District of Michigan during the pandemic. Additionally, the Court notes that has been only eight months since the resolution of Defendant's

motion to suppress. (ECF No. 52). The Court concurs with *Thompson*'s assessment and finds this factor weighs against the Defendant.[2]

Third, Defendant has been charged with four significant offenses: conspiracy to possess with intent to distribute and distribution of a controlled substance, possession with intent to distribute controlled substances, possession of a firearm in furtherance of a drug trafficking crime, and felon in possession of a firearm and ammunition. (ECF No. 14). Defendant acknowledges that these are serious charges but argues that "they are perhaps not quite as serious as they initially appear to be." (ECF No. 62 at PageID 322). The Court disagrees. The charges are just as serious now as they were when the Court issued the November 22, 2019 Opinion and Order. (ECF No. 24). The presumption of detention under 18 U.S.C. § 3142(e)(3) underscores their severity. This factor also weighs against Defendant.

Fourth, as the Court noted in the November 22, 2019, Opinion and Order, the weight of the evidence against Miles is substantial. (ECF No. 24 at PageID 71). When agents executed search warrants at a house linked to Miles, they found drugs, guns, ammunition, and other items indicative of a large-scale-drug-dealing operation, including packaging materials and large amount of cash. (ECF No. 24 at PageID 71). Additionally, Miles's conviction for fleeing and eluding, and outstanding warrants and the time of the arrest show the strength of the evidence that weighs in favor of detention. This factor weighs against Defendant.

While unfortunate, extraordinary circumstances have lengthened the time of Defendant's pretrial detention, the Court must balance all the applicable factors to determine whether Defendant's pretrial detention was "unconstitutionally excessive." *Watson*, 745 F. App'x at 603.

---

[2] Defendant appears to assert that his alleged asthma and high blood pressure constitute a due process violation. (ECF No. 62 at PageID 322). However, he fails to connect how his alleged higher risk of COVID-19 complications would deprive him of due process.

After balancing those factors, the Court finds that Defendant's due process rights have not been violated by his detention.

## CONCLUSION

Accordingly, the Court DENIES Defendant's motion for to reopen the detention hearing and to be released on bond.

**IT IS SO ORDERED**.

Dated: April 13, 2021

s/Sean F. Cox
Sean F. Cox
United States District Judge