UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,             Cases Nos. 19-cr-20720; 20-cv-10267

v.

                                  Hon. Sean F. Cox
BRANDON MILES,                 United States District Court Judge

      Defendant/Petitioner.

_____/

**OPINION & ORDER DENYING IN PART
PETITIONER'S MOTION TO VACATE SENTENCE (ECF No. 123)
AND PERMITTING PETITIONER TO WITHDRAW MOTION**

The parties dispute what relief would be proper in this proceeding under 28 U.S.C.

§ 2255.  The petitioner claims that, but for his trial counsel's constitutionally ineffective

performance, he would not have pled guilty and would have gone to trial.  And the petitioner

asks the Court to resentence him on the two charges to which he pled guilty.  The Government

responds that the proper remedy would be a trial on those two charges as well as two others that

were dropped in exchange for the petitioner's guilty plea.  The Government is correct, so the

Court shall deny petitioner's motion to the extent that it seeks resentencing and shall permit him

to withdraw that motion.

**BACKGROUND**

Petitioner Brandon Miles was arrested in the basement of a drug house on Detroit's west

side.  In that house, police found a drug-cutting table, drug measuring equipment, nearly ten

grams of a fentanyl analogue, two shotguns, a rifle, a pistol, and ammunition.  Police found over

thirty more grams of a fentanyl analogue in a Lincoln Town Car.  Miles waived his *Miranda*

rights and admitted that he sold drugs for a living.  He also admitted that he lived in the drug

1

house and drove the Lincoln.  And he admitted that the drugs and guns police recovered were his.

The grand jury charged Miles was with four offenses: (1) conspiring to distribute drugs and possess drugs with intent to distribute; (2) possession of drugs with intent to distribute; (3) possession of a gun in furtherance of the two drug charges; and (3) possession of a firearm and ammunition as a felon.  Miles's counsel moved to suppress the evidence recovered from the searches of the drug house and the Lincoln, but the Court denied those motions.  That lawyer subsequently withdrew, and the Court appointed attorney Fred Walker to represent Miles.

Walker struck a deal under which Miles would plead guilty to the drug conspiracy and felon-in-possession charges and the Government would drop the other two charges.  Miles would also stipulate that he qualified for statutory minimum sentences: (a) ten years on the drug charge under the Controlled Substances Act ("CSA"); and (b) fifteen years on the felon-in-possession charge under the Armed Career Criminal Act ("ACCA").  And the parties would make a non-binding recommendation that the Armed Career Criminal Guideline applied to Miles.

Miles took that deal, and the Court accepted it.  The Court also accepted the Probation Department's unopposed finding that Miles's sentencing range was 180 to 210 months under the Armed Career Criminal Guideline.  The Court sentenced Miles to concurrent 180-month sentences on the drug conspiracy and felon-in-possession charges.  Miles did not appeal.

Now, Miles moves for relief under 28 U.S.C. § 2255.  Miles argues that no jury would (or legally could) have convicted him of the drug conspiracy charge.  Miles also says that he did not qualify for minimum sentences under the CSA or ACCA as a matter of law.  And Miles contends that the Armed Career Criminal Guideline did not apply to him.

Miles argues that his trial counsel, Walker, was constitutionally ineffective in advising him to accept the plea agreement.  In a twist on the typical guilty-plea ineffective-assistance claim, Miles says that he *knew* he was better off going to trial, and that he repeatedly implored Walker to raise the myriad issues articulated in his § 2255 motion.  Miles alleges that he was so dismayed by Walker's failure to litigate those issues that that he did not trust Walker to represent him at trial.  Miles concludes that he had no choice but to accept the plea agreement because, he says, the Court would not appoint new counsel.

Miles asks the Court to resentence him on the drug conspiracy and felon-in-possession charges.  The Government responds that the proper remedy would be reversal of Miles's convictions and a trial on all four charges in the indictment.  Miles's motion has been fully briefed, and the Court now denies it in part and permits Miles with withdraw it.

## STANDARD OF REVIEW

If a petitioner is entitled to relief under 28 U.S.C. § 2255, then "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  28 U.S.C. § 2255(b).

## ANALYSIS

The parties dispute what relief would be proper for Miles's claim that his trial counsel, Walker, was constitutionally ineffective during plea negotiations.  Importantly, Miles does *not* claim that competent counsel would have negotiated a better plea deal.  Rather, he says that Walker's deficient performance led him to waive his right to a jury trial.  Under such circumstances, the proper remedy is to vacate the defendant's guilty plea and reverse the defendant's convictions.  *See, e.g.*, *United States v. Ataya*, 884 F.3d 318 (6th Cir. 2018).

Miles disagrees.  He argues that the Court should vacate his *sentences* on the drug conspiracy and felon-in-possession charges.  And Miles says that the Court must disregard the

3

statutory minimum sentences and the Armed Career Offender Guideline in imposing new sentences.

This relief would be improper.  "Sixth Amendment remedies should be 'tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests.'"  *Lafler v. Cooper*, 566 U.S. 156, 170 (2012) (quoting *United States v. Morrison*, 449 U.S. 361, 364 (1981)).  Miles effectively asks the Court to sentence him under a plea agreement of his choice.  But that would be an inappropriate "windfall" to him and would offend the Government's legitimate interest in prosecuting him for the two charges it dropped in exchange for his guilty plea.  *Id.*

Moreover, Miles argues that Walker's ineffective performance caused him to waive his right to a jury trial.  Permitting Miles to belatedly exercise that right would sufficiently "'neutralize the taint' of [the alleged] constitutional violation."  *Id.* (quoting *Morrison*, 449 U.S. at 365).

Considering this ruling, the Court shall permit Miles to withdraw his § 2255 motion. This makes sense in the interests of fairness and Miles's *pro se* status for a few reasons.

For one thing, the Government says that it *will* prosecute him on all four charges in the indictment if the Court grants relief.  For another, the Government says that if Miles is convicted of just the felon-in-possession and possession-in-furtherance charges, then he would face a minimum fifteen-year sentence on the felon-in-possession charge, a consecutive minimum five-year sentence on the possession-in-furtherance charge, and a sentencing range of 360 months to life under the Career Offender Guideline.  And Miles concedes the government presented a 'slam dunk' case" insofar as "[h]e was found to be in possession of drugs and firearms."  (ECF No. 123, PageID.871).

4

**CONCLUSION & ORDER**

If Miles is entitled to relief under 28 U.S.C. § 2255, then the Court shall reverse his convictions, appoint counsel, and permit the Government to reinstate the two charges that it dismissed because of Miles's plea deal (ECF No. 25).  Accordingly, **IT IS ORDERED** that Miles's § 2255 motion is **DENIED** to the extent that it seeks resentencing.  The Court reserves any ruling on the remainder of the motion.

**IT IS FURTHER ORDERED** that Miles shall, on or before **November 18, 2024**, file a memorandum of no more than **one page** indicating whether he wishes to pursue his § 2255 motion or whether he withdraws it.  If Miles does not file a memorandum on or before that date, then the Court shall rule on the remainder of his § 2255 motion.

**IT IS SO ORDERED.**

Dated:  October 15, 2024                            s/Sean F. Cox
                                                                   Sean F. Cox
                                                                   U. S. District Judge

I hereby certify that on October 15, 2024, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

                                                                   s/J. McCoy
                                                                   Case Manager